JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-05552-SB-PD | Date: | September 7, 2021 |
|---|---|---|---|

| Title: | *Stephen Clegg, et al. v. Bob's Discount Furniture, LLC* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** ORDER GRANTING MOTION TO REMAND

    Defendant Bob's Discount Furniture, LLC removed this case from the Los Angeles Superior Court on July 8, 2021, invoking diversity jurisdiction. Dkt. No. 1. Plaintiffs Stephen Clegg and Michael Emmens now move to remand, arguing that Defendant has not met its burden to establish that diversity is complete or that the amount in controversy exceeds $75,000. Dkt. No. 13. The Court finds that oral argument would not be helpful on this matter and vacates the September 17, 2021 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

    A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000. "The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

    Defendant asserts that diversity is complete because Plaintiffs are California citizens and Defendant is a Massachusetts corporation with its principal place of business in Connecticut.  Plaintiffs dispute that Defendant has adequately established Plaintiffs' citizenship.  This appears to be a disingenuous argument: Defendant produces evidence that both Plaintiffs have current addresses in California, Dkt. No. 17-1 at 30, 43[1]; and Plaintiffs themselves allege in their Complaint that each of them "[a]t all relevant times . . . was a resident of the State of California," Dkt. No. 1-1 at 10 of 51.  Thus, a preponderance of the evidence (indeed, all the evidence) indicates that Plaintiffs are California citizens for diversity purposes.[2]  However, neither party adequately addresses the citizenship of Defendant, which is alleged to be—and from its name appears to be—a limited liability company rather than a corporation.  "A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business."  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (citation omitted).  Because Defendant relies solely on the citizenship standard for corporations, it has not adequately established its own citizenship so as to show that diversity is complete.

    Although under these circumstances the Court ordinarily would give Defendant an opportunity to demonstrate that diversity is complete before remanding, remand is required here in any event because Defendant has not met its burden to establish the amount in controversy.  "Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citation omitted).

---

[1] Defendant's exhibits contain parts of Plaintiff's social security numbers that were not redacted as required by Rule 5.2(a).  Accordingly, the Court has instructed the clerk to seal Dkt. No. 17-1, and Defendant within three days after entry of this Order shall file a properly redacted copy for the record.

[2] Plaintiffs in connection with their reply raise a host of evidentiary objections to all four of the exhibits filed by Defendant.  Dkt. No. 18-3.  Because Defendant has not met its burden to establish federal jurisdiction even if all of its evidence is considered, it is unnecessary to rule on Plaintiffs' objections.

It is not evident from the Complaint—which does not seek a particular sum of damages—that the amount in controversy exceeds $75,000.  This suit is a proposed representative action under the Private Attorney's General Act of 2004 (PAGA), in which Plaintiffs allege that Defendant failed to pay them and other employees for all hours worked, failed to pay all sick leave wages, and failed to reimburse them for various costs and expenses.  Defendant in its Notice of Removal calculated that based on the civil penalties available for the alleged violations of the California Labor Code within the applicable statute of limitations, Plaintiff Clegg seeks $14,100 in PAGA penalties and Plaintiff Emmens seeks $8,250 in PAGA penalties, for a total claim amount of $22,350.  Dkt. No. 1 at 6-7.  Plaintiffs persuasively argue that this figure implausibly and without foundation assumes that the alleged violations occurred in every pay period during the statute of limitations, including pay periods in which Plaintiffs were not working because they were furloughed, and also that it applies higher penalties for some violations than are statutorily permitted.  Moreover, because 75% of the civil penalties recovered in a PAGA case must be paid to the Labor and Workforce Development Agency, see Cal. Labor Code § 2699(j), "the weight of opinion is that only 25% of the civil penalties sought in a PAGA action, the amount that accrues to employees rather than the LWDA, should be counted toward the amount in controversy." *Prestwood v. Marriott Ownership Resorts, Inc.*, No. SACV1900766AGSSX, 2019 WL 2522674, at *3 (C.D. Cal. June 18, 2019) (collecting cases).  Here, even accepting Defendant's dubious assumptions that the maximum possible number of violations occurred and that the highest penalty amounts apply, Plaintiffs' share of the recovery will be at most $5,587.50.

Not all courts agree with the approach in *Prestwood*, and Defendant cites cases adopting the minority position and finding that the entire civil penalties sum counts toward the amount in controversy.  *E.g.*, *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032 (N.D. Cal. 2014).  Under this approach, the amount of penalties is at most $22,350, still far less than the $75,000 threshold required for diversity jurisdiction under § 1332.  And, as explained above, that maximum sum depends on speculative and implausible assumptions by Defendant.

Defendant's principal argument is that none of these problems with its calculation of PAGA penalties matter because Plaintiffs' attorney's fees alone— which are authorized by statute—will exceed $75,000.  See *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  Defendant produces evidence that Plaintiffs' lead counsel, Michael Singer, listed

his hourly rate as $875 in another case decided this year, and that Plaintiffs' other counsel, Jason Hill, charged an hourly rate of $450 in 2015.  Dkt. No. 17-1 at 21, 28.  Defendant then estimates that Plaintiffs' counsel will each need to spend at least 20-30 hours in trial (based on the parties' 2-3 day trial estimate), resulting in $26,500 - $39,750 in attorney's fees, and that a total of 31.5 hours for depositions, 20 hours to oppose a motion for judgment on the pleadings, 25 hours to oppose a summary judgment motion, and at least another 10 hours for discovery will be required, which at a blended hourly rate of $662.50 would result in another $57,306.25, bringing the total attorney's fees to more than $75,000.

Defendant does not produce any evidence of the actual fee arrangement between Plaintiffs and their counsel in this case.  As Plaintiffs point out, both of the cases on which Defendant relies as evidence of Plaintiffs' counsel's fees were class actions, undermining any inference that the same fee structure applies here.  Given that the maximum penalties Plaintiffs could recover in this case—even making all of the implausible assumptions Defendant urges—is only $5,587.50, the Court is unpersuaded that Defendant has shown Plaintiffs are likely to incur (or be awarded) more than thirteen times that amount in attorney's fees.  See Diaz v. Carmax Auto Superstores California, LLC, No. 1:15-CV-00523-AWI, 2015 WL 3756369, at *7 (E.D. Cal. June 16, 2015) ("The Court finds Defendant's claim that Plaintiff is *likely* to incur $78,400 in attorney's fees—over four times the value of the car at issue—to be facially implausible."), report and recommendation adopted, 2015 WL 4138995 (E.D. Cal. July 8, 2015).[3]

Particularly in light of the rule that any doubts about the propriety of removal must be resolved in favor of remand, Gaus, 980 F.2d at 566, the Court finds that Defendant has not met its burden to show by a preponderance of the evidence that the requirements of § 1332 are satisfied such that this Court has diversity jurisdiction.  Plaintiffs' Motion to Remand is therefore **GRANTED**, and this case is remanded to the Superior Court of Los Angeles County.

---

[3] Nor is it likely that Plaintiffs reasonably would incur more than $52,650 in attorney's fees to pursue their claim, so as to raise the amount in controversy above $75,000, even assuming that the entirety of the $22,350 in possible penalties (accepting all of Defendant's dubious assumptions) may be considered in determining the amount in controversy.